## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| KAREN MARCEY Derivatively on Behalf of MYRIAD GENETICS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| MARK C. CAPONE, BRYAN M. DECHAIRO, R. BRYAN RIGGSBEE, HEINER DREISMANN, PH.D., WALTER GILBERT, PH.D., JOHN T. HENDERSON, M.D., DENNIS LANGER, M.D., LEE N. NEWCOMER, M.D., S. LOUISE PHANSTIEL, COLLEEN F. REITAN, and LAWRENCE C. BEST | )<br>)<br>)<br>) Case No. 1:21-cv-1320<br>)<br>)<br>)<br>) |
| Individual Defendants, | )<br>) |
| -and- | )<br>) |
| MYRIAD GENETICS, INC., a Delaware corporation, | )<br>) |
| Nominal Defendant. | )<br>) |

## STIPULATION AND ORDER

WHEREAS, on September 17, 2021, Plaintiff Karen Marcey ("Plaintiff"), by and through her undersigned counsel, filed a Verified Stockholder Derivative Complaint (the "Complaint") on behalf of Myriad Genetics, Inc. ("Myriad" or the "Company") against individual defendants Mark C. Capone, Bryan M. Dechairo, R. Bryan Riggsbee, Heiner Dreismann, Ph.D., Walter Gilbert, Ph.D., John T. Henderson, M.D., Dennis Langer, M.D., Lee N. Newcomer, M.D., S. Louise Phanstiel, Colleen F. Reitan, and Lawrence C. Best (collectively, the "Individual Defendants" and, together with Myriad, the "Defendants") in the above-captioned action (the "Action");

WHEREAS, counsel for Plaintiff and Defendants (the "Parties") have met and conferred regarding the status of the Action and the appropriate next steps;

WHEREAS, the Action involves overlapping parties and factual allegations with a related federal securities class action captioned *In re Myriad Genetics, Inc. Sec. Litig.*, No. 2:19-cv-00707-DBB (D. Utah), in which lead plaintiff Los Angeles Fire and Police Pensions asserts federal securities law violations against Myriad, Capone, Riggsbee, and Dechairo, seeking recovery of investment losses suffered by purchasers of Myriad stock during the period August 9, 2017 through February 6, 2020,  both dates inclusive, (the "Securities Class Action");

WHEREAS, based upon the overlapping parties and factual allegations in this Action and the Securities Class Action, and to avoid the unnecessary expenditure of judicial resources, the Parties have agreed, subject to this Court's approval, to temporarily stay proceedings in this Action.

NOW, THEREFORE, it is hereby stipulated and agreed that:

1.      All proceedings in this Action, including any obligation to respond to the Complaint, and all discovery obligations under applicable rules, shall be stayed until the earlier of: (i) an order from the court on any motion for summary judgment that may be filed in the related Securities Class Action; (ii) notification that a related derivative action that has been filed is not stayed or is no longer stayed; or (iii) notification that there has been a settlement reached in the related Securities Class Action or any related derivative action;

2.      Either Party may terminate the stay upon 30-days' notice to all Parties following a dismissal of the Securities Class Action with prejudice;

3.      Upon application for good cause shown, any Party may seek earlier termination of the stay by filing a motion with the Court;

2

4.      Defendants shall promptly notify Plaintiff if and when they become aware of any derivative lawsuits filed in any forum following entry of this Stipulation and Order, or any stockholder demands, that allege the same or similar misconduct as that alleged in this Action;

5.      Defendants shall promptly notify Plaintiff if a court does not stay a related derivative lawsuit for the same or a longer duration;

6.      Within thirty (30) days after the stay is lifted for any reason, the Parties shall meet and confer and submit a proposed schedule to the Court;

7.      Defendants agree to apprise Plaintiff in the event any mediation session is scheduled with the Plaintiff in the Securities Class Action, or with any plaintiff in any other derivative lawsuit alleging the same or similar claims as alleged in this Action, and to invite Plaintiff to attend, provided, however, that Defendants reserve the right to exclude Plaintiff from any portion of any mediation session in Defendants' sole discretion;

8.      During the pendency of the stay, Plaintiff may file one amended complaint, which shall not affect the stay;

9.      This Stipulation is without prejudice to the right of any Defendant to raise any and all arguments or defenses concerning the claims raised in this Action. By entering into this Stipulation, each Defendant preserves all objections and challenges of any kind;

10.     This Stipulation is without prejudice to the right of Plaintiff to raise any and all arguments or claims. By entering into this Stipulation, Plaintiff preserves all claims of any kind;

11.     This stay shall not apply to any motions, stipulations, or any other related filings pertaining to the consolidation of any related stockholder derivative actions and/or appointment of lead plaintiff(s) and lead and liaison counsel;

12.     All deadlines and hearings will be postponed until after the stay is lifted.

Dated:  December 30, 2021                  **BIELLI & KLAUDER, LLC**

/s/ *Ryan M. Ernst*
Ryan M. Ernst (No. 4788)
1204 N. King Street
Wilmington, DE 19801
(302) 803-4600
rernst@bk-legal.com

**LEVI & KORSINSKY, LLP**
Correy A. Kamin
Ryan C. Messina
55 Broadway, 10th Floor
New York, NY 10006
T. 212.363.7500
F. 212.363.7171
ckamin@zlk.com
rmessina@zlk.com

*Attorneys for Plaintiff*

**RICHARDS, LAYTON & FINGER, P.A.**

/s/ *Kevin M. Gallagher*
Kevin M. Gallagher (#5337)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

**MINTZ, LEVIN, COHN, FERRIS,**
    **GLOVSKY AND POPEO, P.C.**
John F. Sylvia
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

*Attorneys for Defendants*

IT IS SO ORDERED this 4th  day of January 2022.

_____
The Honorable Maryellen Noreika
United States District Judge